## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN CAMPBELL**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 21-2223-KSM** |
| **JOHN HARMON, et al.,** | |
| Defendants. | |

## MEMORANDUM

**MARSTON, J.**                                                                                   **MAY 28, 2021**

Plaintiff Kevin Campbell, a pretrial detainee at Northampton County Prison ("NCP"), has filed this civil rights action against Defendants NCP employees John Harmon, David Kastora, 10 John/Jane Doe correctional officers, and 10 John/Jane Doe prison staff. All Defendants are named in their individual and official capacities. Campbell seeks to proceed *in forma pauperis*. For the reasons discussed below, the Court grants Campbell leave to proceed *in forma pauperis* and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.      FACTUAL ALLEGATIONS

Campbell's complaint is brief. He alleges that on February 22, 2021 at 3:00 p.m. he was assaulted by another inmate who, although supposed to be in disciplinary segregation, was housed on H-tier where Campbell was also housed. (Doc. No. 2 at pp. 4–5.[1]) He claims that the other inmate's cell door was not closed and locked. (*Id.* at p. 5.) Following the assault, Campbell was taken to a hospital where two CAT scans were performed on his eye and head.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id.*) He suffered a black eye, bruises on his face, and a cut under his eye. (*Id.*) He seeks money damages. (*Id.*) While Campbell has named two specific employees of NCP along with numerous John/Jane Doe employees, he makes no specific allegation about how any known or unknown Defendant was involved in the incident that he describes.

## II. STANDARD OF REVIEW

The Court grants Campbell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor"). Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, and the Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* But because Campbell is proceeding *pro se*, we liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

---

[2] Although we grant Campbell leave to proceed *in forma pauperis*, he is still required to pay the filing fee in full in installments. *See* 28 U.S.C. § 1915(b) (explaining that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee" when funds exist).

## III.    DISCUSSION

Campbell brings his complaint under 42 U.S.C. § 1983.  (Doc. No. 2 at p. 3.)  That

section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  Campbell asserts that numerous NCP prison officials violated his Fourteenth

Amendment rights when they failed to protect him from his fellow inmate.[3]  (Doc. No. 2 at p. 3.)

However, Campbell has not demonstrated that any Defendant was personally involved in

this alleged violation.  "A defendant in a civil rights action must have personal involvement in

the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Campbell identifies NCP employees John Harmon, David Kastora, ten John/Jane Doe

correctional officers, and ten John/Jane Doe prison staff members, but other than naming these

individuals in the caption of the complaint, he does not mention them by name or describe how

each individual acted to violate his rights.  For this reason, Campbell's individual capacity claims

against them must be dismissed.

---

[3] Campbell also asserts that his Eighth Amendment rights were violated.  (Doc. No. 2 at p. 3.)
However, because Campbell was a pretrial detainee at NCP, his claim is properly analyzed under the
Fourteenth Amendment as the Eighth Amendment only applies post-conviction.  *Hubbard v. Taylor*, 399
F.3d 150, 164–66 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment
governs claims brought by pretrial detainees).

Campbell has also sued each Defendant in his or her official capacity. Official capacity claims against municipal and county officials, such as employees at NCP, are indistinguishable from claims against the municipal entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To assert a plausible claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the claimed constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Because Campbell does not allege that a municipal custom or policy caused the alleged constitutional violation, his official capacity claims are also not plausible and must be dismissed.

## IV. CONCLUSION

The Court grants Campbell leave to proceed *in forma pauperis*. However, the Court dismisses Campbell's complaint for failure to state a claim. The Court cannot, however, state at this time that Campbell can never allege plausible claims against any of the named Defendants. Therefore, the complaint is dismissed without prejudice and with leave to file an amended complaint if Campbell can cure the defects the Court has identified.

An appropriate Order follows.