IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EDWARD CAMPBELL,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-2223 |
| | : |
| JOHN HARMON, *et al.*,<br>    Defendants. | :<br>: |

### MEMORANDUM

**MARSTON, J.**                                                                                                  **SEPTEMBER 29, 2021**

In a prior Memorandum and Order, the Court dismissed the complaint filed by Plaintiff Kevin Edward Campbell, an inmate at Northampton County Prison ("NCP").[1] *Campbell v. Harmon*, Civ. A. No. 21-2223, 2021 WL 2206283 (E.D. Pa. May 28, 2021). The dismissal was without prejudice and Campbell was granted leave to file an amended complaint if he was able to fix the defects the Court identified in his original complaint. In Campbell's amended complaint, he names as Defendants NCP employee John Harmon, NCP Director of Corrections James Kostura,[2] "Jon/Jane Doe Correctional Staff," and NCP Warden David Penchisen.[3] All Defendants are named in their official capacities. For the following reasons, the Court will dismiss Campbell's amended complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In the original Complaint, Campbell indicated he was a pretrial detainee. (Doc. No. 2 at 4.) In the Amended Complaint, he indicates that he is a convicted and sentenced state prisoner even though he still appears to be housed at NCP. (Doc. No. 8 at 5.) Also, in the original Complaint, Campbell did not use his middle name.

[2] In the original complaint, James Kostura is identified as "David Kastora."

[3] Penchisen is not listed as a Defendant in the caption of the amended complaint but is listed on separate handwritten pages constituting the list of defendants. (Doc. No. 8 at 3, 4.) Although the Court's prior dismissal Order stated that Campbell was required to list all Defendants in the caption of any amended complaint he filed, as well as in the body of the complaint, the Court will liberally construe the amended complaint to include Penchisen as a named Defendant.

1

I.

Like his original complaint, Campbell's amended complaint contains few factual allegations. However, taking those limited allegations as true, the relevant facts are as follows.

On February 22, 2021 at 3:00 p.m., Campbell was assaulted by another inmate who should have been locked in his cell. (Doc. No. 8 at pp. 5–6.)[4] As a result of the assault, Campbell suffered injuries to his head and face and was sent to St. Luke's Anderson Hospital for treatment. (*Id.*) Campbell alleges that Penchisen, Kostura, and Harmon are responsible for his injuries because they failed to "house a segregated inmate on the segregation unit." (*Id.* at pp. 3, 6.) He also alleges that the Doe Defendant failed to lock the other inmate's door, and that a non-defendant identified as C.O. Ciarcia witnessed the assault. (*Id.*)

II.

Because the Court previously granted Campbell leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies here and requires the Court to dismiss the amended complaint if it "fails to state a claim on which relief may be granted." Failure to a state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that Rule, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Because Campbell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d

---

[4] The Court adopts the pagination supplied by the CM/DOC. docketing system.

333, 339 (3d Cir. 2011). However, even *pro se* litigants must provide more than conclusory allegations. *Ashcroft*, 556 U.S. at 678.

III.

Campbell brings claims for deliberate indifference under the Fourteenth Amendment, alleging that prison officials failed to protect him from another inmate.[5] (Doc. No. 8 at p. 4.) The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[5] Campbell also asserts violations of the Eighth, Fifteenth, and Eighteenth Amendments. However, none of these claims are plausible. Beginning with the Eighth Amendment, although Campbell now asserts that he is a convicted prisoner, his claims are based on events that occurred while he was still a pretrial detainee. Therefore, the Fourteenth Amendment, not the Eighth Amendment, governs his failure to protect claim. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause in the Fourteenth Amendment governs claims brought by pretrial detainees). In addition, Campbell's Fifteenth Amendment claim is implausible because he does not allege that his right to vote was denied or abridged on the basis of race, color, or previous condition of servitude or that any named Defendant was involved in his being denied the right to vote. Last, Campbell's Eighteenth Amendment claim must be dismissed because the Eighteenth Amendment established prohibition. This Amendment does not provide Campbell a cause of action, and in any event, the Eighteenth Amendment was repealed by the Twenty-First Amendment.

In addition to his federal constitutional claims, Campbell also references two federal statutes, 42 U.S.C. § 1997e and 42 U.S.C. § 12132, in his amended complaint. (Doc. No. 8 at p. 4.) Section 1997e requires prisoners to exhaust administrative remedies before filing a civil suit in federal court. Section 12132 is a provision of the Americans with Disabilities Act, which states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Campbell has not stated a cause of action under either statute. 42 U.S.C. § 1997e does not provide a private a cause of action, and Campbell makes no allegation that he is qualified person with a disability.

Therefore, Campbell's Eighth, Fifteenth, and Eighteenth Amendment claims, along with his federal statutory claims, are dismissed.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Campbell's amended complaint asserts only official capacity claims against the individual Defendants. (Doc. No. 8 at pp. 2, 4.) As the Court explained to Campbell in our previous Memorandum, official capacity claims against municipal and county officials, like the employees at NCP, are indistinguishable from claims against the municipal entity that employs them. *Campbell*, 2021 WL 2206283, at *2 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.")). And to assert a claim for municipal liability, "a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation." *Id.* (citing *Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003)). Having explained the relevant standard, the Court granted Campbell leave to amend his complaint to attempt to allege plausible official capacity claims based on municipal liability.

In his amended complaint, Campbell once again fails to identify a municipal custom or policy that caused the alleged constitutional violations. Having already dismissed these claims once, and it appearing that additional attempts at amendment would prove futile, the official capacity claims are dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

In the alternative, even if Campbell intended to assert individual capacity claims against the individual Defendants, those would also subject to dismissal.  To state a Fourteenth Amendment violation, a prisoner must allege that the conditions of his confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In general, to allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton County*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

To meet the deliberate indifference standard, a prison official must "know[ ] or should have known of a sufficiently serious danger to an inmate." *Id.* at 361.  The "should have known" standard "[d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence.  It connotes something more than a negligent failure to appreciate the risk . . . though something less than subjective appreciation of that risk." *Id*. (citing *Colburn v.*

*Upper Darby Township*, 946 F.2d 1017 (3rd Cir. 1991)).  The "strong likelihood of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Young*, 960 F.2d at 361 (citing *Monmouth Cty. Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987)).  There must not only be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges."  *Colburn*, 946 F.2d at 1025.

Where it is alleged that prison officials have failed to protect an inmate from harm caused by other inmates, the Third Circuit has held that an inmate may obtain relief in a § 1983 action only when the prison official is deliberately indifferent to a pervasive risk of harm to the inmate. *Young v. Quinlan*, 960 F.2d 351, 361 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000).  In *Young*, the Third Circuit held that summary judgment was inappropriate on an inmate's Eighth Amendment claim where the inmate warned prison officials of safety concerns, and it was undisputed that the prison officials, aware of the warning, either did nothing or their response came too late to be of any help to the inmate. *Id.* at 363.

Unlike the plaintiff in *Young*, Campbell has not alleged that he warned the prison officials about the other inmate or otherwise voiced any concerns for his own safety.  Nor has he alleged other facts from which the Court can infer that the Defendants ignored a pervasive risk of harm to Campbell.  Instead, Campbell states in conclusory fashion that Defendants Kostura, Penchisen, and Harmon are liable "for failing to house a segregated inmate on the segregation unit" and that the Doe Defendant failed to lock the other inmate's cell door. (Doc. No. 8 at pp. 3, 6.)  These conclusory allegations fall far short of alleging a failure to protect claim.[6]

---

[6] As the Court previously explained to Campbell, conclusory allegations are insufficient to allege plausible civil rights claims. *Campbell*, 2021 WL 2206283, at *1 (citing *Iqbal*, 556 U.S. 662, 678).

However, the Court cannot say that Campbell can never assert such a claim. Thus, in an abundance of caution the Court will permit Campbell to return with a second amended complaint if he is capable of correcting the defects the Court has identified in the claims not already dismissed with prejudice.

IV.

Campbell's official capacity claims are dismissed with prejudice. Campbell may file a second amended complaint if he can cure the defects the Court has identified in his individual capacity claims. An appropriate order follows.